Filed 7/3/24  Jondo v. Micron Group CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JONDO, LTD., | |
| Plaintiff and Appellant, | G062929 |
| v. | (Super. Ct. No. 30-2020-01169529) |
| MICRON GROUP, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge.  Reversed in part and remanded with directions.

Foley Bezek Behle & Curtis and Roger N. Behle, Jr., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Jondo, Ltd. (Jondo) appeals from a default judgment awarding it damages and costs. Jondo challenges portions of the trial court's order which denied several of Jondo's requested damages. Jondo argues the trial court erred when it found Micron Group, Inc.'s (Micron's) grommet machines were not a substantial factor in causing Jondo's damages and that Jondo's noncompliance with laws and regulations was the cause. We agree. Accordingly, we reverse the judgment as to these damages and remand with directions. In all other respects, the judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

I.

THE COMPLAINT

In November 2020, Jondo filed a complaint against Micron for breach of the implied warranty of fitness for a particular purpose, breach of the implied warranty of merchantability, and equitable indemnity. The complaint alleged the following:

Jondo is a printing business headquartered in California. It sells, among other things, banners that use grommets. A grommet is a ring or edge strip inserted into the holes of a banner to protect it from tearing.

In June 2017, Jondo bought two PL-10 pneumatic plastic grommet machines from Micron, a New Jersey manufacturer of grommet attaching machines, so Jondo could attach grommets to the banners it produces. When the machines arrived, Jondo visually inspected them and found they "did not appear to be defective or nonconforming." Neither Jondo nor any third party altered the machines in any way.

A year and a half later, "on or about January 16, 2019," a Jondo employee was seriously injured while using one of the machines. The Division of Occupational Safety and Health (Cal/OSHA) investigated the incident. It fined Jondo for serious violations related to the machines. Unbeknownst to Jondo, the machines lacked certain safeguards required under California regulations. Micron knew Jondo would be using the

machines in California and therefore Micron was obligated to equip its machines with the safeguards mandated by California regulations.

Jondo also alleged it incurred the following damages due to its employee's injury from operating Micron's machines: (1) Cal/OSHA fines ($16,870); (2) the cost of manual labor while Cal/OSHA prohibited using the machines ($3,200); (3) management time to investigate the incident ($2,000); (4) the cost of replacement machines that complied with California regulations ($15,000); (5) the cost of retraining employees to use the replacement machines ($800); (6) the additional premiums for workers' compensation insurance because of the employee's injury ($63,000); and (7) the cost of a safety consultant to deal with Cal/OSHA ($25,000). In total, it sought at least $125,870 in damages. The prayer of the complaint sought economic damages, incidental damages, consequential damages, a judgment requiring Micron to indemnify Jondo, the costs of the lawsuit, and any other relief the trial court deemed proper. Jondo attached two invoices to its complaint showing the amount Jondo paid Micron for the two machines.

II.

ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Micron did not file a responsive pleading to the complaint. In April 2021, upon Jondo's request, the trial court clerk entered Micron's default.

In April 2023, Jondo requested a default judgment under Code of Civil Procedure section 585, subdivision (b) (all undesignated statutory references are to this code). It claimed $125,870 in damages, $53,624.07 in prejudgment interest at the annual rate of 10 percent, $3,605 in attorney fees, and $734.10 in costs. Jondo sought to proceed by way of declarations under section 585, subdivision (d), in lieu of live testimony and evidence. Accordingly, Jondo supplied a declaration of John S. Doe, who was then the chief financial officer of Jondo.

The trial court declined to proceed by way of declarations, and a prove-up hearing was eventually held in June 2023. At the hearing, Jondo provided the testimony

3

of Doe, who had become president and chief executive officer of Jondo, and four exhibits, including: (1) Cal/OSHA's March 2019 Citation and Notification of Penalty (Cal/OSHA Citation); (2) invoices for the replacement machines Jondo had to purchase; (3) Jondo's workers' compensation insurance; and (4) safety training invoices.

Of relevance here, the Cal/OSHA Citation identified at least two violations related to the machines.[1] First, Cal/OSHA concluded Jondo violated California Code of Regulations, title 8, section 4185. This regulation provides, "All foot-operated devices (i.e., treadles, pedals, levers, bars, valves, and switches) shall be protected from unintended operation, if such operation creates a hazard." (Cal. Code Regs., tit. 8, § 4185.) Cal/OSHA found, "Prior to and during the course of the inspection, including, but not limited to, on January 22, 2019, [Jondo] failed to protect the foot-operated device (foot pedal) of a pneumatic grommet machine, exposing employees to hazards created from unintended operation of the machine." (Boldface omitted.)

Second, Cal/OSHA determined Jondo violated California Code of Regulations, title 8, section 4186, subdivision (b). This regulation provides, "All point of operation guards shall be properly set up, adjusted and maintained in safe and efficient working condition in conformance with Figure G-8 and Table G-3 or other guard configurations which will prevent the operator's hand from entering the point of operation." (Cal. Code Regs., tit. 8, § 4186, subd. (b).) Cal/OSHA concluded, "Prior to and during the course of the inspection including, but not limited to, January 22, 2018, [Jondo] failed to ensure all point of operation guards (pneumatic grommet machine) were properly set up, adjusted and maintained in safe and efficient working condition in conformance with Figure G-8 and Table G-3 or other guard configurations which would

---

[1] Our record contains two out of nine pages of the Cal/OSHA Citation: pages six ("Citation 2 Item 1") and seven ("Citation 3 Item 1"). From the footer on each page, we can infer pages one to four include "information on employer and employee rights and responsibilities." It is unclear what is on pages five, eight, and nine.

4

have prevented the operator's hand from entering the point of operation." (Boldface omitted.)

After the default prove-up hearing, the trial court ruled by minute order and issued its judgment. The trial court concluded: "[T]he failure of the two machines to have the expected quality or to be suitable to attach grommets were not a substantial factor in causing [the requested] damages. (See CACI [N]os. 1231[–]1232.) Rather, it appears that it was [Jondo's] failure to comply with the applicable provisions of the Labor Code and General Industry Safety Orders in the California Code of Regulations that caused these damages. (See Lab. Code, §§ 6400, subd. (a) [employer has duty to furnish place of employment that is safe and healthful for the employees][,] 6403, subd. (a) [employer must provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe][,] 6407 [employer shall comply with applicable occupational safety and health standards, all rules, regulations, and orders]; Cal. Code Regs., tit. 8, [§§] 4185[–]4186 [applicable occupational safety regulations for foot-operated devices and points of operations and other hazardous parts of machinery].) For instance, one of the fines imposed by [Cal/OSHA] was for conduct in January 2018, even before the accident in which one of [Jondo's employees] injured his hand. [Citation.] Much of the safety consultant's charges for training were unrelated to the two machines. [Citation.] At best, [Jondo] has proven that it suffered damages of $2,169.58 (the costs of the two machines). [¶] . . . [¶] Accordingly, [Jondo] is awarded a total of $2,903.68 against [Micron], consisting of $2,169.58 in damages and $734.10 in costs."

Jondo timely appealed.

## DISCUSSION

### I.

### STANDARD OF REVIEW

Jondo argues the de novo standard of review applies here, because the issues on appeal involve mixed questions of law and fact or present predominately legal questions. We disagree.

We employ the substantial evidence standard of review when considering a trial court's damages findings following default. (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 288 (*Kim*).) "Although some cases have recited a 'general rule that sufficiency of the evidence [tendered in a default proceeding] cannot be reviewed on an appeal from a default judgment' [citation], that rule applies only 'as to matters for which no proof is required by virtue of the admission by default of the allegations of the complaint.' [Citation.] 'However, as to damages which, despite default, require proof the general rule does not apply.'" (*Ibid.*)

"Under the substantial evidence standard of review, 'we must consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.] [¶] It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact. Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment. Even in cases where the evidence is undisputed or uncontradicted, if two or more different inferences can reasonably be drawn from the evidence this court is without power to substitute its own inferences or deductions for those of the trier of fact, which must resolve such conflicting inferences in the absence of a rule of law specifying the inference to be drawn. . . . [Citations.]' [Citation.] To be substantial, the evidence must be of ponderable legal significance, reasonable in nature, credible, and of solid value. [Citations.] However, substantial

6

evidence is not synonymous with *any* evidence. [Citations.] 'The ultimate test is whether it is reasonable for a trier of fact to make the ruling in question in light of the whole record.'" (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266.)

II.

SUBSTANTIAL EVIDENCE DOES NOT SUPPORT THE TRIAL COURT'S DAMAGES FINDINGS

A default "*confesses* [the] properly pleaded facts [in a complaint]," relieving a plaintiff of the responsibility "to provide the court with sufficient evidence to prove them." (*Kim*, *supra*, 201 Cal.App.4th at p. 281.) Thus, the properly pleaded facts "are treated as true for purposes of obtaining a default judgment." (*Ibid.*) No evidence is therefore required to establish liability and "[t]he only additional proof required for a default judgment is that needed to establish damages." (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 883–884 (*Carlsen*).) "That the plaintiff lacks evidence to *prove* the well-pleaded allegations of the complaint is of no consequence." (*Id.* at p. 884.) The only relevant evidentiary facts at a prove-up hearing are those pertaining to the damages alleged in the complaint. (*Id.* at pp. 899–900.)

When a plaintiff requests entry of a default judgment by the court pursuant to section 585, subdivision (b), the plaintiff bears the burden of establishing "entitlement to the specific judgment requested. 'The court shall hear the evidence offered by the plaintiff, and shall render judgment in the plaintiff's favor for that relief, not exceeding the amount stated in the complaint, . . . *as appears by the evidence to be just*.'"[2] (*Kim*, *supra*, 201 Cal.App.4th at p. 287, quoting section 585, subdivision (b).) A prima facie showing the plaintiff was damaged by a defendant's actions is required. (*Johnson v.*

---

[2] As the trial court awarded Jondo some damages, it impliedly found Jondo stated proper causes of action in its complaint. Whether Jondo stated proper causes of action is not an issue on appeal.

*Stanhiser* (1999) 72 Cal.App.4th 357, 365; *Carlsen, supra*, 227 Cal.App.4th at pp. 883–884.) "A prima facie showing is one that is sufficient to support the position of the party in question." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.)

Jondo argues it presented sufficient evidence at the prove-up hearing to establish a prima facie showing of damages.[3] Jondo contends the trial court's misinterpretation of its exhibits resulted in the trial court's finding that Micron's machines were not a substantial factor in causing most of Jondo's damages.[4] From our review of the exhibits and the trial court's citations to them in its ruling, this appears to be so.

In its ruling, the trial court found the "failure of the two [Micron] machines to have the expected quality or to be suitable to attach grommets [was] not a substantial factor in causing these damages." The trial court explained, "[I]t appears that it was [Jondo's] failure to comply with the applicable provisions of the Labor Code and General Industry Safety Orders in the California Code of Regulations that caused these damages.

---

[3] These damages included: (1) Cal/OSHA fines; (2) the cost of manual labor while Cal/OSHA prohibited using the machines; (3) management time to investigate the incident; (4) the cost of replacement machines that complied with California regulations; (5) the cost of retraining employees to use the replacement machines; (6) the additional premiums for workers' compensation insurance because of the employee's injury; and (7) the cost of a safety consultant to deal with Cal/OSHA.

[4] Jondo sought damages for breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, and equitable indemnity. An entitlement of damages for the implied warranty of merchantability required a showing the "failure of the [product] to have the expected quality was a substantial factor in causing [Jondo]'s harm." (CACI No. 1231, italics omitted.) The implied warranty of fitness for a particular purpose mandated a showing "the failure of the [product] to be suitable was a substantial factor in causing [Jondo]'s harm." (CACI No. 1232, italics omitted; *Cardinal Health 301, Inc. v. Tyco Electronics Corp.* (2008) 169 Cal.App.4th 116, 145–146.) Additionally, in order to recover damages under equitable indemnity, Jondo must have shown the resulting damages to Jondo are those for which Micron was equitably responsible. (*C.W. Howe Partners Inc. v. Mooradian* (2019) 43 Cal.App.5th 688, 700.)

[Citations.] For instance, one of the fines imposed by [Cal/OSHA] was *for conduct in January 2018, even before the accident in which one of [Jondo's employees] injured his hand*." (Italics added.) This explanation drew from "Citation 3 Item 1" in the Cal/OSHA Citation. "Citation 3 Item 1" stated in relevant part, "Prior to and during the course of the inspection including, but not limited to, *January 22, 2018*, [Jondo] failed to ensure all point of operation guards (pneumatic grommet machine) were properly set up . . . ." (Boldface omitted, italics added.)

In support of its finding, the trial court relied on what is, in reading the record as a whole, a typographical error in "Citation 3 Item 1" in the Cal/OSHA Citation: the date should be January 22, 2019, rather than January 22, 2018. The Cal/OSHA Citation specified the inspection dates as "01/22/2019 - 03/29/2019." A separate fine in the Cal/OSHA Citation, "Citation 2 Item 1," provided in pertinent part, "Prior to and during the course of the inspection, including, but not limited to, on *January 22, 2019*, [Jondo] failed to protect the foot-operated device (foot pedal) of a pneumatic grommet machine . . . ." (Boldface omitted, italics added.) Considering the start date of the inspection, the date provided in "Citation 2 Item 1," and the reference to the machines in each fine, the date in "Citation 3 Item 1"—January 22, 2018—is plainly a typographical error. The date should be January 22, 2019, the start date of the inspection.

Accordingly, "Citation 3 Item 1" did not involve a different incident, as the trial court found. It concerned the January 2019 injury, caused by the machines' failure to have the expected quality or to be suitable.

On the record before us, we cannot say substantial evidence supported the trial court's finding that the machines' failure to have the expected quality or to be suitable was not a substantial factor in causing the requested damages and that Jondo's noncompliance with laws and regulations was the cause. As discussed *ante*, the Cal/OSHA Citation was incurred after the Jondo employee's injury. One of the citations stated "all point of operation guards," if set up on the machines, "would have prevented

the operator's hand from entering the point of operation." (Boldface omitted.) That is, the machines' failure to have the expected quality or to be suitable was a substantial factor in causing the Jondo employee's injury and thus any damages arising from that injury. While the Cal/OSHA Citation also indicated Jondo failed to comply with the applicable regulations, the reason for this noncompliance was the machines lacked the expected quality or were unsuitable.

Therefore, we will reverse and remand for the trial court to rehear and reconsider the damages issue. We express no opinion on the ultimate merits.

## DISPOSITION

The portion of the judgment denying the requested damages is reversed. We remand to the trial court to rehear and reconsider whether Appellant is entitled to its requested damages. The trial court shall permit Appellant to present additional relevant evidence and argument at the hearing. In all other respects, the judgment is affirmed. Appellant is to recover its costs on appeal.


MOTOIKE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOODING, J.

10